IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:13-CV-64-RJC-DSC

STEVEN M. LEE and YVETTE R. LEE, )
)
     **Plaintiffs,** )
)
v. )
)
HILLDRUP COMPANIES, INC. and )
PLANES MOVING & STORAGE, INC., )
)
     **Defendants.** )

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court following Plaintiffs' failure to respond to the Court's "Show Cause Order" (document #12) entered March 4, 2013, and Defendant Planes Moving & Storage, Inc.'s "Motion to Dismiss" (document #8) filed February 8, 2013.

Plaintiffs' response to the Motion to Dismiss was due on or before February 25, 2013. When Plaintiffs failed to file a timely response, chambers staff left a telephone message with Plaintiffs' counsel on February 28, 2013. Plaintiffs' counsel did not respond to that message and has not otherwise communicated with the Court.

On March 4, 2013, in an attempt to give Plaintiffs every reasonable opportunity to prosecute their claims in this matter, the Court entered an "Order to Show Cause" (document #12). The Court ordered that:

> On or before April 4, 2013, the Plaintiffs shall **SHOW CAUSE** why the Complaint should not be **DISMISSED** for failure to prosecute this action. The Plaintiffs are warned that failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this lawsuit **WITH PREJUDICE**.

1

Document #12 at 2. As stated above, Plaintiffs have not responded to the Court's Order in any fashion or even contacted the Court to request additional time in which to respond.

A District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Because dismissal is a severe sanction, the District Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Applying those legal principles, the Court concludes that dismissal for failure to prosecute is the appropriate remedy for Plaintiffs' repeated failures to respond to the Court's Orders and Defendant's Motion to Dismiss. Given Plaintiffs' decision to abandon their claims for all practical purposes, there is no reason to believe that any less severe sanction would be effective.

**ORDER**

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Planes Moving & Storage, Inc.'s "Motion to Dismiss" (document #8) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE** as to all Defendants.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: April 8, 2013



David S. Cayer
United States Magistrate Judge