UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-64-RJC-DSC

| | |
|---|---|
| STEVEN M. LEE and YVETTE R. LEE, ) <br> ) <br> **Plaintiffs**, ) <br> ) <br> v. ) <br> ) **ORDER** <br> HILLDRUP COMPANIES, INC. and ) <br> PLANES MOVING & STORAGE, INC., ) <br> ) <br> **Defendants.** ) <br> ) | |

**THIS MATTER** comes before the Court on Defendant Planes Moving & Storage's (Planes) Motion To Dismiss, (Doc. No. 8), the Magistrate Judge's Order to Show Cause, (Doc. No. 12), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 13), recommending that this Court grant Defendant Planes' Motion and to dismiss the case with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. For the following reasons, the Court **ADOPTS** the M&R and dismisses the instant suit, albeit without prejudice.

**I.     BACKGROUND**

On November 12, 2012, Plaintiffs Steven and Yvette Lee filed a complaint in Superior Court, Mecklenburg County, North Carolina alleging several causes of action related to a contract to move Plaintiffs' personal property. (Doc. No. 1-1). On February 2, 2013, Defendant Hilldrup ("Hilldrup") removed this case pursuant to 18 U.S.C. § 1332.[1] (Doc. No. 1).

---

[1] Where plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount in controversy requirement, defendants seeking removal must prove that it is more likely than not that the plaintiff's claims exceed $75,000. Gafford v. Gen. Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993). For cases instituted in state court and removed, a strong presumption arises that the plaintiff has not claimed an amount large enough to confer jurisdiction on a federal court. Evans v. CDX Services, LLC, 528 F.Supp.2d 599, 605 (S.D.W.Va.

Defendant provided notice of the removal of this cause of action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina. (Doc. No. 1-3). In accordance with the Local Rules, the Court provided electronic notice to Plaintiffs' attorney on February 1, 2012 that he is required to register with the Case Management/Electronic Case Files (CM/ECF) system. LCvR 83.1(E). The clerk likewise mailed a notice to Plaintiffs' attorney on February 1, 2013 informing him of the requirement to register by February 11, 2013.

On February 8, 2013 Defendant Planes moved to dismiss the case for failure to state a claim and lack of jurisdiction. (Doc. Nos. 8; 9). In its motion, Planes certified that it had mailed a copy of the motion to the address provided by Plaintiffs' attorney in the original complaint. (Doc. No. 8 at 2). Plaintiff's response to the Motion to Dismiss was due on or before February 25, 2013. That date having passed with no response, the Magistrate Judge's chambers left a telephone message with Plaintiffs' counsel on February 28, 2013. (Doc. No. 13 at 1). Plaintiff's counsel did not respond to that message. (Id).

Plaintiffs' attorney had not registered with ECF by February 25, 2011, when the Court mailed a second notice to register by March 7, 2013. On March 4, 2013, the Magistrate Judge ordered that the Plaintiff had until April 4, 2013 to show cause as to why the Complaint should not be dismissed under Rule 41(b) for failure to prosecute this action. (Doc. No. 12). The Magistrate Judge warned Plaintiff that "the failure to make a timely response to this Order to Show Cause may result in dismissal of this lawsuit with prejudice." (Id. at 2) (emphasis omitted). Having received no response from Plaintiff, the Magistrate Judge issued the M&R on April 8, 2013 which recommended dismissal of the instant suit with prejudice.

On April 25, 2013, Plaintiffs filed objections to the M&R. Specifically, Plaintiffs argued

---

2009) (internal citations omitted). Because the court is dismissing the instant suit, it will not require Defendant Hilldrup to make an additional showing that the amount in controversy requirement has been satisfied.

that "Plaintiffs' attorney was unaware of the expectations placed upon him, as the notices, etc., issued by the court were issued at a time before the Plaintiff's attorney was even enrolled in the court's electronic notification system." (Doc. No. 14 ¶ 2). Plaintiffs' counsel also submitted a Statement of Facts attesting that he became entered into the CM/ECF system on March 14, 2013. Plaintiffs' attorney attests that he received "no hard copy versions of the court notices which were issued by the federal court prior to the time that [he] was entered into the electronic system." Plaintiffs' attorney further states that he received no notice from opposing counsel of the court notices issued by the federal court; nor did he receive voicemails from the Magistrate Judge's chambers as he did not possess a voicemail account for that telephone number.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir.

2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

## III. DISCUSSION

A district court has the inherent authority to dismiss a case for failure to prosecute. Chambers v. NASCO, Inc., 501 U.S. 32, 49 (1991). Dismissal with prejudice is a "harsh sanction which should not be invoked lightly." Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). In reviewing such a dismissal, the Court must consider (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the existence of "a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the existence of a sanction less drastic than dismissal." Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974). Although dismissal with prejudice is usually inappropriate to penalize a blameless client for an attorney's behavior, the fact that the dismissal adversely affects the legal rights of the client does not in itself negate the power. Link v. Wabash R.R., 370 U.S. 626, 633 (1962).

In the instant case, even cursory diligence on the part of Plaintiffs' counsel would have alerted him to pending matters in front of the Court that required his attention. This Court twice mailed him a notice requiring him to register with the CM/ECF system. Attorneys in this district are required to adhere to the local rules which are published and widely available, including via an internet search. Rule 83.1(D) of the Local Rules establishes that "[a]ny attorney admitted to practice before this Court must establish an ECF account with the Clerk of Court prior to filing any documents or cases in this district." LCvR 83.1(D). On February 8, 2013, Defendant Planes mailed a copy of its Motion to Dismiss to Plaintiffs' counsel thereby notifying him of both a pending motion and the opportunity to respond. The Local Rules allow a party two weeks to respond to a motion. LCvR 7.1(E). This fact alone –that a dispositive motion had been filed and mailed to him –should have put Plaintiffs' counsel on notice that action was required on his part.

Finally, Plaintiffs' counsel eventually registered with the CM/ECF system on March 14, 2013 at which point he would have been presented with the electronic docket of the case including the pending Order to Show Cause and Motion to Dismiss, respectively. Between March 14, 2013 and April 4, 2013 Plaintiffs' attorney need only have accessed the docket on the ECF system to learn of such pending motions. It does not appear that he did so. Additionally, Plaintiffs' counsel could have called the clerk's office to find out if there were any pending motions or matters requiring his immediate attention. The ongoing failure to take any actions on the part of Plaintiffs' counsel resulted in the failure of Plaintiffs to heed a court order and the substantial delay of the instant suit.

In light of all of these facts, the Court finds it appropriate to dismiss the instant case without prejudice. The dismissal is without prejudice because there is no evidence that the Plaintiffs were responsible in any way for the delay or that such delay was a dilatory tactic.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. No. 13) is **ADOPTED** and the instant suit is **DISMISSED** without prejudice. The Clerk of Court is directed to close this case.

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge